Clarke *v.* Spaulding.

## CLARKE *v.* SPAULDING.

Where a term is created, to commence from the time when the premises shall be "finished and ready for the occupation of the lessees," in covenant for rent the defendants may prove that they never were so finished, and so the term never commenced; and the facts, that the defendants actually occupied for a time, and, upon taking possession, expressed themselves satisfied, do not conclude them.

COVENANT. The plaintiff, by indentures on the 4th day of September, 1847, for a rent therein reserved, leased to the defendants a cellar in Manchester for a term of years, "from the time that said Clarke shall finish and have in readiness the same for the occupation of said lessees."

Clarke *v.* Spaulding.

This action was brought to recover the rent for the quarter ending on the 14th of June, 1848. The defendants pleaded, 1. That they had kept and had not broken the covenant in manner and form, &c. 2. *Actionem non,* "because they say that the plaintiff, neither before nor after the making of said indenture, ever finished and had in readiness for the occupation of the said defendants the cellar in said declaration mentioned ; that the cellar has never been finished and in a condition suitable to occupy and enjoy, but has been filled with water, unfinished, and wholly unfit and unsafe to occupy," &c.

On the trial the plaintiff offered evidence tending to show that the cellar was finished on the 14th day of December, 1847 ; that the defendants, expressing themselves satisfied with it, took possession of it at that time, and continued to occupy it for some months, and that the rent for the quarter ending on the 14th of June, 1848, had not been paid. He also produced evidence tending to show that the height of the cellar was about seven feet and four inches in the clear, and that, in placing the floor timber and fixing the height of the cellar, the plaintiff followed the direction of the defendants, given after the lease was made.

The defendants then proposed to introduce evidence to show that, after they took possession of the premises, the water came in at the windows and doors, from the top of the ground on the back part of the building, there being no way by which it could be drained off; that the place where the building was situated was wet, the water passing through the earth, in the direction of the river, several feet above the level of the floor of the cellar, and that there was no drain by which it could be carried off; that there was a common sewer low under Elm street, on which the building stood, placed for the purpose of enabling the owners to drain the cellars or basements into it, and that when the water came into the cellar the defend-

ants ascertained that there was no drain to it, and requested the plaintiff to construct one, but he neglected to do so; that the water flowed into the cellar both from the surface and through the earth, and remained in it until the defendants abandoned it, on the 26th of May, 1848, and was several inches deep upon the floors, greatly injuring the furniture, and rendering the premises unhealthy, unsafe, and unfit to occupy, and wholly worthless to the defendants.

This evidence the court declined to admit, and a verdict was thereupon, by consent, taken for the plaintiff, which the defendants, for the supposed error in excluding the evidence, moved to set aside.

*G. W. Morrison*, for the defendants.

*G. Y. Sawyer*, for the plaintiff.

Wilcox, J. Where there is an express covenant in a lease to pay rent during the term, without any proper exceptions, the rent must be paid, although the premises are accidentally burned down during the term. 1 Story's Eq. 116. If, then, this estate for years had commenced, and the defendants had entered, it would now be no answer for them to say that the premises are for any cause uninhabitable. They have agreed to pay the rent from the beginning of the term, absolutely, without any conditions or exceptions. But the estate was not to commence until the lessor should finish the cellar, and have it in readiness for the occupation of the lessees.

The plaintiff offered evidence to show that the cellar was finished on the 14th day of December, 1847; that the defendants expressed themselves satisfied with it, and took possession and occupied for some time. Upon this evidence the jury might well find that the cellar was finished, and that the term had commenced. But the defendants allege that the cellar was not in fact finished,

because it was not so finished as to exclude the water which flowed into it, or to drain it off so as to prevent its accumulation there, and the consequent damage to their goods. In short, they deny that the cellar was finished, with respect to the uses for which it was designed, and for which alone the defendants or others could use it.

Now if there was a defect in the construction of the cellar, whether that consisted in the want of a drain or otherwise, that in effect prevented it from being used, and this defect was unknown to the defendants, we think that they may show, in answer to a claim for rent, that, notwithstanding they took possession and expressed themselves satisfied with the condition in which it appeared to them, the cellar was not in fact fit for their occupation, and that, therefore, the term did not commence with their possession. If the defect were an obvious one, or was in fact known to them, their taking possession would be evidence of a waiver of objection on account of it.

If the cellar was finished in the manner in which cellars are commonly finished in that vicinity, and the difficulty has arisen from a cause and in a manner unexpected to both parties, the defendants, having taken possession, will be bound by the covenant in the lease to pay the rent.

But the rejected evidence had some tendency to show that the cellar was not properly finished. The admission of the defendants when they took possession, that it was finished, does not conclude them, and they may show the truth, notwithstanding, unless the admission assumed a conclusive character by having been acted upon in good faith by the other party, and by having been made for the purpose of inducing such action.

Such does not clearly appear to have been the case. The admission might have been made under a mistake. The evidence should, therefore, have been received.

The verdict must be set aside, and a

*New trial granted.*